Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg 1
of 27
Case: 2:14-cr-00007-ABJ    As of: 09/19/2017 03:02 PM MDT    1 of 2

INTPR,PROTO

# U.S. District Court
## District of Wyoming (Cheyenne)
## CRIMINAL DOCKET FOR CASE #: 2:14−cr−00007−ABJ−1

Case title: USA v. Castro−Cruz

Date Filed: 01/15/2014
Date Terminated: 09/15/2017

Assigned to: Honorable Alan B Johnson

**Defendant (1)**

**Marco Castro−Cruz**
*TERMINATED: 09/15/2017*
*also known as*
Guero
*TERMINATED: 09/15/2017*
*also known as*
Juan Ramirez−Perez
*TERMINATED: 09/15/2017*

represented by  **Sean Hays Barrett**
5239 Fishing Bridge
P O Box 3018
Cheyenne, WY 82009
307/286−8440
Fax: 307/638−2473
Email: sbarrettattorney@yahoo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Federal Public Defender*

| **Pending Counts** | **Disposition** |
| --- | --- |
| None | |

| **Highest Offense Level (Opening)** | |
| --- | --- |
| None | |

| **Terminated Counts** | **Disposition** |
| --- | --- |
| 21 U.S.C. 846 and 841(a)(1) and (b)(1)(C) Conspiracy to Distribute Heorin Resulting in Death (1) | Case transferred for plea and sentence under rule 20 to the District of Colorado |
| 21 U.S.C. 846 and 841(a)(1) and (b)(1)(C) and 18 U.S.C. 2 Distribution of Heroin Resulting in Death and Aiding and Abetting the Distibution of Heorin resulting in Death (2) | Case transferred for plea and sentence under rule 20 to the District of Colorado |

**Highest Offense Level (Terminated)**

Felony

| **Complaints** | **Disposition** |
| --- | --- |
| None | |

**Plaintiff**

**USA**

represented by  **Bradley W Giles**
UNITED STATES ATTORNEYS
OFFICE
1801 California Street
Suite 1600
Denver, WY 80202
303−454−0100

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg 2
of 27
Case: 2:14-cr-00007-ABJ   As of: 09/19/2017 03:02 PM MDT   2 of 2

Fax: 303–454–0401
Email: bradley.giles@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

**Guy Till**
UNITED STATES ATTORNEYS
OFFICE
1801 California Street
Suite 1600
Denver, CO 80202
303/454–0100
Fax: 303/454–0401
Email: guy.till@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Retained*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/15/2014 | 1 | INDICTMENT as to Marco Castro–Cruz (1) count(s) 1, 2. (Court Staff, sth) (Entered: 01/16/2014) |
| 01/15/2014 | 2 | MOTION for Detention Hearing by USA as to Defendant(s) Marco Castro–Cruz. (Court Staff, sth) (Entered: 01/16/2014) |
| 01/15/2014 | 3 | Praecipe for Warrant by Plaintiff USA as to Defendant(s) Marco Castro–Cruz aka Juan Ramirez–Perez aka Guero. (Court Staff, sth) (Entered: 01/16/2014) |
| 01/16/2014 | 4 | Warrant Issued as to Marco Castro–Cruz. (Court Staff, sth) (Entered: 01/16/2014) |
| 10/17/2014 | 6 | ORDER by the Honorable Alan B Johnson granting 5 Motion to Unseal Case as to Marco Castro–Cruz (1).(Court Staff, sth) (Entered: 10/17/2014) |
| 05/02/2017 | 7 | MOTION for Protective Order *for Discovery* by USA as to Defendant(s) Marco Castro–Cruz. (Attachments: # 1 Proposed Order)(Till, Guy) (Entered: 05/02/2017) |
| 05/03/2017 | 8 | PROTECTIVE ORDER granting 7 Motion for Protective Order as to Marco Castro–Cruz (1) by the Honorable Alan B Johnson.(Court Staff, ssw) (Entered: 05/03/2017) |
| 09/15/2017 | 9 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to District of Colorado Counts closed as to Marco Castro–Cruz (1) Count 1,2. (Court Staff, ssw) (Entered: 09/15/2017) |

Eric H. Holder, Jr.
Attorney General of the United States

John F. Walsh
United States Attorney
District of Colorado
Guy Till
Bradley W. Giles
Special Attorneys
District of Colorado
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone:   303-454-0100
Facsimile:   303-454-0401

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 JAN 15  AM 10 52

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) Criminal No. <u>14-cr-7-J</u> |
| | ) |
| v. | ) MOTION FOR DETENTION HEARING |
| | ) |
| **MARCO CASTRO-CRUZ,** | ) |
| a/k/a Juan Ramirez-Perez, | ) |
| a/k/a Guero, | ) |
| | ) |
| Defendant. | |

The United States moves for pretrial detention of Defendant, pursuant to 18 U.S.C. § 3142(e) and

(f).

    1.    <u>Eligibility of Case.</u>   This case is eligible for a detention order because the case involves

the following:

____    Crime of violence (18 U.S.C. § 3156)

_✓_    Maximum sentence life imprisonment or death

_✓_    10+ year drug offense

_✓_    Serious risk Defendant will flee

_____ Felony, with two prior convictions in above categories

_____ Serious risk obstruction of justice

2.      <u>Reason for Detention.</u>   The court should detain the Defendant because there are no

conditions of release which will reasonably assure:

_✓_ Defendant's appearance as required

_✓_ Safety of any other person and the community

3.      <u>Rebuttable Presumption.</u>   The United States will invoke the rebuttable presumption

against the Defendant under § 3142(e).   The presumption applies because:

_✓_ Probable cause to believe Defendant committed 10+ year drug offense or firearms offense,

18 U.S.C. § 924(c)

_____ Previous conviction for "eligible" offense committed while on pretrial bond

4.      <u>Time for Detention Hearing.</u>   The United States requests the Court conduct the detention

hearing:

_____ At first appearance

_✓_ After a continuance of three days

DATED this _____*15TH*_____ day of January, 2014.

Respectfully submitted,

ERIC H. HOLDER, JR.
Attorney General of the United States

JOHN F. WALSH
United States Attorney, District of Colorado

BY: _____*s/Guy Till*_____

GUY TILL, AUSA
BRADLEY W. GILES, AUSA
Special Attorneys, District of Colorado
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0409
Email: Bradley.Giles@usdoj.gov
Email: Guy.Till@usdoj.gov
Attorneys for the Government

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 1 5 2014

Stephan Harris, Clerk
Cheyenne

Eric H. Holder, Jr.
Attorney General of the United States

John F. Walsh
United States Attorney
District of Colorado
Guy Till
Bradley W. Giles
Special Attorneys
District of Colorado
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone:   303-454-0100
Facsimile:   303-454-0401

### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | )     Criminal No. 14-CR-7-J |
| | ) |
| v. | ) |
| | ) |
| **MARCO CASTRO-CRUZ,** | ) |
| a/k/a Juan Ramirez-Perez, | ) |
| a/k/a Guero, | ) |
| | ) |
| Defendant. | |

### PRAECIPE

Will the Clerk please issue a warrant in the above-entitled matter for the following individual:

**MARCO CASTRO-CRUZ,**
a/k/a Juan Ramirez-Perez,
a/k/a Guero

DATED this 15th day of January, 2014.

ERIC H. HOLDER, JR.
Attorney General of the United States

JOHN F. WALSH
United States Attorney, District of Colorado

BY: _____ s/Guy Till _____
GUY TILL, AUSA
BRADLEY W. GILES, AUSA
Special Attorneys, District of Colorado
1225 17th Street, Suite 700
Denver, Colorado 80202
Telephone:  (303) 454-0100
Fax:  (303) 454-0409
Email: Bradley.Giles@usdoj.gov
Email: Guy.Till@usdoj.gov
Attorneys for the Government

BOND SET AT: _Detained_____

_____
CHIEF JUDGE
UNITED STATES DISTRICT COURT

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

JAN 16  AM 10 38

STEPHAN HARRIS, CLERK
CHEYENNE

# United States District Court

_____ For The District of Wyoming _____

| | |
|---|---|
| UNITED STATES OF AMERICA, | **WARRANT FOR ARREST** |
| vs. | |
| Marco Castro-Cruz | CASE NUMBER: 14-CR-07-J |
| aka Juan Ramirez-Perez, aka Guero | |

**To:**
The United States Marshal and any
Authorized United States Officer

YOU ARE HEREBY COMMANDED to arrest _Marco Castro-Cruz_

and bring him or her forthwith to the nearest magistrate to answer **Indictment** charging him or her with **Conspiracy to Distribute Heroin Resulting in Death and Distribution of heroin Resulting in Death and Aiding and Abetting the Distribution of Heroin resulting in Death** in violation of **21 U.S.C. 846 and 841(a)(1) and (b)(1)©, 21 U.S.C. 841(a)(1) and (b)(1)© and 18 U.S.C. 2**.

| | |
|---|---|
| Stephan Harris | Clerk of Court |
| Name of Issuing Officer | Title of Issuing Officer |
| **Stephan Harris** | January 16, 2014, Cheyenne |
| Signature of Issuing Officer | Date and Location |
| By Deputy Clerk | |
| Bail fixed at $ Detain | By: Nancy D. Freudenthal |
| | United States Chief District Judge |

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ _____ | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST | | |

CERTIFIED A TRUE COPY
Stephan Harris

By Deputy Clerk



Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
10 of 27
Case 2:14-cr-00007-ABJ    Document 6    Filed 10/17/14    Page 1 of 1

FILED
**IN THE UNITED STATES DISTRICT COURT** DISTRICT COURT
**FOR THE DISTRICT OF WYOMING** DISTRICT OF WYOMING

2014 OCT 17   AM 10 25

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| **MARCO CASTRO-CRUZ;** | ) |
| a/k/a Juan Ramirez-Perez, | ) |
| a/k/a Guero, | ) |
| | ) |
| Defendant. | ) |

STEPHAN HARRIS, CLERK
CHEYENNE

**14-CR-00007-ABJ**

**NON-PUBLIC DOCUMENT**

## ORDER TO UNSEAL INDICTMENT

THIS MATTER having come before the Court pursuant to the Government's Motion to

Unseal Indictment and the Court having reviewed the same and finding good cause in support

thereof,

IT IS HEREBY ORDERED that the Criminal Indictment in the case of Marco Castro Cruz,

a/k/a Juan Ramirez-Perez, a/k/a Guero, assigned case number 14-CR-00007-ABJ, shall be unsealed

to facilitate further proceedings in this matter, and in the District of Colorado.

DONE this _17_ day of October, 2014.

UNITED STATES DISTRICT COURT JUDGE

Guy Till
Special Assistant United States Attorney
District of Wyoming
P.O. Box 22211
Casper, WY 82602-5010
303-454-0100 (phone)
303-454-0409 (fax)
guy.till@usdoj.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | |
| **v.** | **Case No.   14-cr-7-J** |
| **MARCO CASTRO-CRUZ,** **aka Juan Ramirez-Perez,** **aka Guero** | |
| Defendant. | |

## GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER FOR DISCOVERY

NOW COMES the United States of America, by and through its counsel, Bradley W. Giles and Guy Till, Special Assistant United States Attorney, hereby moves this Court for a protective order prohibiting defense counsel from copying, disseminating or otherwise disclosing any and all of discovery materials disclosed in this case for the following reasons.

1.      The above captioned case stems from a wiretap investigation in the District of Colorado and is related to a pending case in the United States District Court for the District of Colorado (Criminal Number 14-cr-00144-CMA). The defendant has counsel in the Colorado case and recently was appointed counsel in the instant case. Discovery in the Colorado case has been provided under terms essentially the same as requested those here.

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
12 of 27
Case 2:14-cr-00007-ABJ   Document 7   Filed 05/02/17   Page 2 of 7

2

2.    Like wiretap cases generally, this case includes a substantial amount of relatively sensitive information about a number of persons. In the present case, although some indicted defendants have been brought into the federal system, a number of other persons are fugitives. Although pretrial disclosure of Jencks Act material and Rule 26.2 material is not required by Fed.R.Crim.P. 16, the disclosure of some such material before trial may facilitate the resolution of the present case by trial or by plea agreement. Subject to the entry of a protective order, the Government plans to disclose an extensive amount of Jencks Act material to the defense in the next few weeks. The Government does reserve the right to limit the disclosure of material pursuant to the terms of Rule 26.2 and the Jencks Act, in part to avoid controversy and sanctions from any inadvertent omission.

3.    The Government has developed or acquired, and may in the future develop or acquire, documentary material (the media by means of which Jencks Act, Rule 26.2, and Rule 16 material may include electronically formatted audio files, video files, images, documents, digital files, and pictures) concerning persons who may be or become defendants or witnesses in the instant case and/or Criminal Number 14-cr-00144-CMA, now pending in the District of Colorado.

4.    Examples of such material include photographic records of a person who may become a witness and NCIC records and other records including personal identifying information of one or more persons who may become a witness. Jencks Act material also includes some reports detailing the statements of one or more witnesses, potentially including statements or reports of statements reflecting debriefing with law enforcement investigators. Such statements arguably would be subject to disclosure at the time of trial, if the witness(es) concerned were called to testify, pursuant to the Jencks Act, at Title 18 U.S.C. § 3500, and Fed. R. Crim. P. 26.2. See also

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
13 of 27
Case 2:14-cr-00007-ABJ    Document 7    Filed 05/02/17    Page 3 of 7

2

*United States v. Ruiz*, 536 U.S. 622, 631-32 (2002)(upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

4.    In order to expedite the progress of this case, the Government asks the Court for a protective order imposing requirements of care and control as to certain documents in order to serve the purposes of the Jencks Act at Title 18 U.S.C. § 3500, Rule 26.2, Rule 1, Rule 49.1, Rule 16 and *Ruiz*. The valid public policy purposes served by the Jencks Act include permitting the Government to develop an investigation without the premature disclosure or publication of information concerning the direction of the investigation and the protection of witness information from abuse.

5.    The Government is concerned with precluding the unwarranted publication of information about persons assisting law enforcement, including the possible publication or distribution of audio files, video files, a photograph or addresses, dates of birth, or Social Security information concerning a person or persons cooperating with law enforcement by means of the internet or any other means of publication or distribution outside of the official use of material. The publication of certain documentary material in the past has been known, upon occasion, to produce an inflammatory reaction among persons involved in a culture of criminal activity. The Government has discovered that such publication of printed materials may result in a negative and destructive reaction on the part of certain individuals directed at persons believed to be Government informants, Government witnesses, or persons otherwise cooperating with law enforcement. The unregulated circulation of such documents, files or photographs would not serve the public interest. The general public availability of a photograph, for example, of a person accused of assisting law enforcement may increase the level of risk for such a person by enabling

2

strangers to identify such a person. Similarly, specific personal identifying information normally

contained in an NCIC/CCIC report or other official records might result in some form of identity

theft or some other form of abuse unless the uses of such records are regulated by protective order.

6.      In order to reduce the complications that may flow from pretrial disclosure of

Jencks Act material, Rule 26.2 information, and certain Rule 16 material, the Government

respectfully asks the Court for an order limiting the circulation of Jencks Act material and Rule

26.2 material or information, such as witness statements or reports of witness statements, and Rule

16 material, including any photographs, video files, audio files, and personal identifying

information such as NCIC/CCIC reports, dates of birth, home addresses, or Social Security

information released before trial by the Government.

7.      The Government respectfully asks the Court to limit the use of such material by the

defense to pretrial preparations and official judicial proceedings specifically involving the pending

criminal case of the above named defendant in the instant case, including any appeal. The

Government does not object to the defendant being permitted to read or review the Jencks Act,

Rule 26.2, and Rule16 material; however, the Government requests that sensitive Jencks Act

material and Rule 26.2 material, and personal identifying information of witnesses, including

witness statements or reports of debriefings, statements by witnesses or persons assisting law

enforcement, and any pictures of such persons, shall remain at all times in the positive control of

the attorney for the defendant or a member of the defense attorney's confidential staff, a

professional defense investigator working with the defense attorney, a confidential assistant

employed by the defense attorney, or an official in any detention facility where the defendant is

held pursuant to court order. In the event that the defendant remains in custody of the U.S. Marshal

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
15 of 27
Case 2:14-cr-00007-ABJ   Document 7   Filed 05/02/17   Page 5 of 7

2

pending the outcome of this and the Colorado cases, the Government requests authorization to coordinate with the U.S. Marshal and the defense so that, to the extent such arrangements are available and reasonable, the defendant may have access to electronically stored information in a read-only format under the control and supervision of the responsible custodial representative of the U.S. Marshal.   Such Jencks Act material, audio files, video files and photographs of persons should not be entrusted to the exclusive custody and control of the defendant. Similarly, the Government asks the Court to direct that custody of records showing personal identifying information of witnesses disclosed to the defense, such as any NCIC/CCIC reports relating to witnesses, be maintained in the same way.

8.      It is further requested that, at the conclusion of the case, the described Jencks Act material, NCIC/CCIC reports, and any photographs be returned to the United States Attorney's Office.

9.      The Government does not anticipate confusion regarding the status of documents disclosed before trial. However, the Government proposes that, if the parties cannot agree as to whether some specific document falls within the proposed protective order or should be exempt from the protective order, the defense or the Government will bring the disputed issue regarding specific arrangements or documents to the Court for further consideration.

WHEREFORE, based upon the foregoing information, the United States respectfully requests this Court grant the Government's Motion for Protective Order for Discovery.

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
16 of 27
Case 2:14-cr-00007-ABJ    Document 7    Filed 05/02/17    Page 6 of 7

2

DATED this 2nd day of May, 2017.

Respectfully submitted,


By:     *s/Guy Till*_____
        Guy Till
        Special Assistant United States Attorney
        1801 California St., Suite 1600
        Denver, CO   80202
        Telephone:   (303) 454-0100
        Fax:   (303) 454-0401
        e-mail:   guy.till@usdoj.gov

2

## CERTIFICATE OF SERVICE

I hereby certify that on this 2nd day of May, 2017, I electronically filed the foregoing GOVERNMENT'S UNOPPOSED MOTION FOR PROTECTIVE ORDER FOR DISCOVERY with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record in this case.

_s/Maggie E. Grenvik_____
Maggie E. Grenvik
Legal Assistant
U.S. Attorney's Office

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
18 of 27
Case 2:14-cr-00007-ABJ    Document 7-1    Filed 05/02/17    Page 1 of 5

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

**UNITED STATES OF AMERICA,**

        Plaintiff,

   **v.**                                  **Case No.  14-cr-7-J**

**MARCO CASTRO-CRUZ,**
**aka Juan Ramirez-Perez,**
**aka Guero**

        Defendant.

---

## PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL, RULE 26.2 MATERIAL, RULE 49.1 MATERIAL, AND RULE 16 MATERIAL

THE COURT has received, read, and reviewed the Government's Motion for protective Order for Jencks Act, Rule 26.2, Rule 49.1, and Rule 16 Material (Doc. # 153), filed November 4, 2014, concerning the use, custody, and circulation of Jencks Act material, Fed. R. Crim. P 26.2 material, and Fed. R. Crim. P. 16 material disclosed and to be disclosed to the defense. *See* Title 18 U.S.C. § 3500; Fed.R.Crim.P. 16(a)(2), 26.2 and 49.1; *Giglio v. United States*, 405 U.S. 150 (1972); *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002) (upholding the right of the Government to withhold confidential informant information in the context of plea bargaining before trial).

The Government informs the Court that the underlying investigation involved electronic and wiretap surveillance activities which generated digitally recorded files and other material subject to disclosure at trial or before trial. For good cause, the Court may enter a protective order regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act, Title 28 U.S.C. § 1651.

Case No. 1:17-cr-00334-CMA   Document 1-3   filed 09/19/17   USDC Colorado   pg
19 of 27
Case 2:14-cr-00007-ABJ   Document 7-1   Filed 05/02/17   Page 2 of 5

The Court is familiar with the file in this case and has reviewed the motion. The Government has expressed concerns that Jencks Act material, and some Rule 26.2, and Rule 16 material, such as photographs of persons, witness statements (including those recorded on audio or video), recordings and transcripts of undercover transactions, reports containing the names of cooperating witnesses or other persons assisting law enforcement, and documents with personal identifying information such as NCIC and similar reports, shall not be left in the exclusive custody of a defendant or be published outside of official proceedings in this case. The Government cites concerns for witnesses or other persons that could stem from the unauthorized publication, duplication, or circulation of such material which the Government intends to disclose to the defense in the context of general pretrial discovery or prior to pretrial court hearings and trial.

The Court finds and concludes that the concerns expressed have some merit, that the burden on both parties in controlling the dissemination of such material disclosed to the defense before trial directed below is not unreasonably burdensome, and further, that the procedure outlined herein for early disclosure of Jencks Act material may encourage the fair and prompt resolution of the case.

Accordingly, the Court finds and concludes that it is in the best interests of justice to grant the Government's motion.

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
20 of 27
Case 2:14-cr-00007-ABJ    Document 7-1    Filed 05/02/17    Page 3 of 5

THEREFORE, IT IS ORDERED as follows:

The Government's Motion for Protective Order for Jencks Act and Certain Rule 26.2 and Rule 16 Material is GRANTED.  Audio files and video files generated during the investigation and disclosed by the government shall not be duplicated or distributed except for use in official court proceedings and for duplication and delivery to the detention centers, as set forth below. All Jencks material, all witness statements and reports of witness statements or debriefings (both written and recorded on audio and video), photographs depicting persons, documents with personal identifying information of individuals such as addresses, dates of birth, social security numbers, and any NCIC/CCIC or similar records, and reports or statements of witnesses, furnished to the defense by the Government in this case, provided pursuant to Jencks, Rule 26.2 or Rule 16, shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

Further, all documents provided by the Government containing personal identifying information shall be handled in accordance with Rule 49.1. If redaction is not possible in the view of a party, the parties may request the Court to determine this issue.

The defendant is detained pending trial in the District of Colorado, and the parties are directed to coordinate with either the U.S. Marshal Service or the appropriate authority at the detention facility to ensure the reasonable availability of the pretrial discovery material, by use of read-only computers, under the custody and control of the warden, sheriff, superintendent or official in charge of the facility where the defendant is being detained before trial. Such facilities must not allow a defendant to e-mail, print, or duplicate the material.

The parties agree that such material shall remain in the physical custody and control of officials permitting a defendant to review material on a judicially provisioned computer in relation

3

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
21 of 27
Case 2:14-cr-00007-ABJ    Document 7-1    Filed 05/02/17    Page 4 of 5

to this case as described above.  Should the defendant be released on bond, the material may be reviewed under supervision of the defense attorney who has entered an appearance in this case, their associates, and the confidential employees or assistants working with such defense attorney. The material will not be entrusted to the care and custody the defendant without such supervision.

The material provided to the detention facilities shall be the same as the unredacted set of discs provided to defense counsel, unless the Government prepares a separate version and provides counsel with a list of excluded pages by bates stamp number or document control number.  Any material excluded from the discs provided to the detention facilities may be reviewed in person by the defendant and defense counsel during attorney client detention facility visits, using the attorney's computer.

With the exception of copies prepared by counsel of record or their staff for official use in relation to this case, unless the attorneys for the defense and the Government come to a specific understanding to the contrary, the Jencks Act material, and above-specified Rule 26.2, and Rule 16 written and electronically recorded material disclosed to the defense shall not be copied, reproduced, published or publicly circulated by the defense without further order of Court or until such material is used in judicial proceedings at time of trial or in official hearings or proceedings related to this case.

In the event the defense and the Government agree that certain materials or documents should be exempted from the limits otherwise imposed by this Order, they may exempt such material by mutual agreement. Conversely, if the parties cannot agree on redaction as an appropriate remedy for some of the material, they will seek a ruling by the Court. Similarly, in the event the defense and the Government disagree or are unclear about the meaning or application of

this Order with respect to some document, digital file, photograph, or other material in the case, the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described Rule 16 material, Rule 26.2 material, Jencks Act material, NCIC/CCIC records, digital files, and photographs may be returned to the Government or disposed of in a manner that prevents unauthorized disclosure.

SO ORDERED this _____ day of _____, 2017, at Denver, Colorado.

BY THE COURT:

_____
Honorable Alan B Johnson
United States District Judge

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
23 of 27
Case 2:14-cr-00007-ABJ    Document 8    Filed 05/03/17    Page 1 of 5

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2017 MAY -3 PM 3: 13

STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

UNITED STATES OF AMERICA,

        Plaintiff,

    v.                                Case No.  14-cr-7-J

MARCO CASTRO-CRUZ,
aka Juan Ramirez-Perez,
aka Guero

        Defendant.

---

## PROTECTIVE ORDER REGARDING JENCKS ACT MATERIAL, RULE 26.2
## MATERIAL, RULE 49.1 MATERIAL, AND RULE 16 MATERIAL

---

      THE COURT has received, read, and reviewed the Government's Motion for protective

Order for Jencks Act, Rule 26.2, Rule 49.1, and Rule 16 Material (Doc. # 153), filed ~~November 4,~~
5/2/17

~~2014,~~ concerning the use, custody, and circulation of Jencks Act material, Fed. R. Crim. P 26.2

material, and Fed. R. Crim. P. 16 material disclosed and to be disclosed to the defense. *See* Title

18 U.S.C. § 3500; Fed.R.Crim.P. 16(a)(2), 26.2 and 49.1; *Giglio v. United States*, 405 U.S. 150

(1972); *United States v. Ruiz*, 536 U.S. 622, 631-32 (2002) (upholding the right of the Government

to withhold confidential informant information in the context of plea bargaining before trial).

      The Government informs the Court that the underlying investigation involved electronic

and wiretap surveillance activities which generated digitally recorded files and other material

subject to disclosure at trial or before trial. For good cause, the Court may enter a protective order

regulating discovery in a criminal case pursuant to Fed. R. Crim. P. 16(d) and the All Writs Act,

Title 28 U.S.C. § 1651.

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
24 of 27
Case 2:14-cr-00007-ABJ   Document 8   Filed 05/03/17   Page 2 of 5

The Court is familiar with the file in this case and has reviewed the motion. The Government has expressed concerns that Jencks Act material, and some Rule 26.2, and Rule 16 material, such as photographs of persons, witness statements (including those recorded on audio or video), recordings and transcripts of undercover transactions, reports containing the names of cooperating witnesses or other persons assisting law enforcement, and documents with personal identifying information such as NCIC and similar reports, shall not be left in the exclusive custody of a defendant or be published outside of official proceedings in this case. The Government cites concerns for witnesses or other persons that could stem from the unauthorized publication, duplication, or circulation of such material which the Government intends to disclose to the defense in the context of general pretrial discovery or prior to pretrial court hearings and trial.

The Court finds and concludes that the concerns expressed have some merit, that the burden on both parties in controlling the dissemination of such material disclosed to the defense before trial directed below is not unreasonably burdensome, and further, that the procedure outlined herein for early disclosure of Jencks Act material may encourage the fair and prompt resolution of the case.

Accordingly, the Court finds and concludes that it is in the best interests of justice to grant the Government's motion.

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
25 of 27
Case 2:14-cr-00007-ABJ    Document 8    Filed 05/03/17    Page 3 of 5

THEREFORE, IT IS ORDERED as follows:

The Government's Motion for Protective Order for Jencks Act and Certain Rule 26.2 and Rule 16 Material is GRANTED. Audio files and video files generated during the investigation and disclosed by the government shall not be duplicated or distributed except for use in official court proceedings and for duplication and delivery to the detention centers, as set forth below. All Jencks material, all witness statements and reports of witness statements or debriefings (both written and recorded on audio and video), photographs depicting persons, documents with personal identifying information of individuals such as addresses, dates of birth, social security numbers, and any NCIC/CCIC or similar records, and reports or statements of witnesses, furnished to the defense by the Government in this case, provided pursuant to Jencks, Rule 26.2 or Rule 16, shall be used only for official purposes related to judicial proceedings in this case, to include any appeal, and for no other purpose.

Further, all documents provided by the Government containing personal identifying information shall be handled in accordance with Rule 49.1. If redaction is not possible in the view of a party, the parties may request the Court to determine this issue.

The defendant is detained pending trial in the District of Colorado, and the parties are directed to coordinate with either the U.S. Marshal Service or the appropriate authority at the detention facility to ensure the reasonable availability of the pretrial discovery material, by use of read-only computers, under the custody and control of the warden, sheriff, superintendent or official in charge of the facility where the defendant is being detained before trial. Such facilities must not allow a defendant to e-mail, print, or duplicate the material.

The parties agree that such material shall remain in the physical custody and control of officials permitting a defendant to review material on a judicially provisioned computer in relation

3

Case No. 1:17-cr-00334-CMA     Document 1-3     filed 09/19/17     USDC Colorado     pg
26 of 27
Case 2:14-cr-00007-ABJ   Document 8   Filed 05/03/17   Page 4 of 5

to this case as described above.  Should the defendant be released on bond, the material may be
reviewed under supervision of the defense attorney who has entered an appearance in this case,
their associates, and the confidential employees or assistants working with such defense attorney.
The material will not be entrusted to the care and custody the defendant without such supervision.

The material provided to the detention facilities shall be the same as the unredacted set of
discs provided to defense counsel, unless the Government prepares a separate version and provides
counsel with a list of excluded pages by bates stamp number or document control number.  Any
material excluded from the discs provided to the detention facilities may be reviewed in person by
the defendant and defense counsel during attorney client detention facility visits, using the
attorney's computer.

With the exception of copies prepared by counsel of record or their staff for official use in
relation to this case, unless the attorneys for the defense and the Government come to a specific
understanding to the contrary, the Jencks Act material, and above-specified Rule 26.2, and Rule
16 written and electronically recorded material disclosed to the defense shall not be copied,
reproduced, published or publicly circulated by the defense without further order of Court or until
such material is used in judicial proceedings at time of trial or in official hearings or proceedings
related to this case.

In the event the defense and the Government agree that certain materials or documents
should be exempted from the limits otherwise imposed by this Order, they may exempt such
material by mutual agreement.  Conversely, if the parties cannot agree on redaction as an
appropriate remedy for some of the material, they will seek a ruling by the Court. Similarly, in the
event the defense and the Government disagree or are unclear about the meaning or application of

4

Case No. 1:17-cr-00334-CMA    Document 1-3    filed 09/19/17    USDC Colorado    pg
27 of 27
Case 2:14-cr-00007-ABJ    Document 8    Filed 05/03/17    Page 5 of 5

this Order with respect to some document, digital file, photograph, or other material in the case,

the parties may bring the issue to the attention of the Court.

At the conclusion of the case, the described Rule 16 material, Rule 26.2 material, Jencks

Act material, NCIC/CCIC records, digital files, and photographs may be returned to the

Government or disposed of in a manner that prevents unauthorized disclosure.

SO ORDERED this ___3<u>d</u>___ day of ___May___, 2017.

BY THE COURT:

Honorable Alan B Johnson
United States District Judge