IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Criminal Case No. 17-cr-00334-CMA

UNITED STATES OF AMERICA,

                Plaintiff,

v.

MARCO CASTRO-CRUZ,

                Defendant.

---

## OBJECTION TO PRESENTENCE INVESTIGATION REPORT

---

COMES NOW, the Defendant, Marco Castro-Cruz (hereinafter "Defendant"), by and through his attorneys, Boston H. Stanton, Jr. and Sean Barrett, pursuant to Rule 32(f) of the Federal Rules of Criminal Procedure, object to the Presentence Investigation Report (PSIR) as follows:

**CORRECTIONS**

1.    Marco Castro-Cruz has two dependents: one son and one daughter. Paragraph – Dependents, on page 2 of the PSIR.

2.    ¶10, P. 5.  In this paragraph the probation officer simply omitted "(a)(1)" from Marco's offense violation noted.  In other words he put 21 USC 841 and 841 and (b)(1)(C).

**OBJECTIONS**

3.    The Parties object to the recommendation of the Presentence report to the extent it is inconsistent with the Parties' plea agreement.

4.    The Defendant objects to the 2-level enhancement, *see* ¶ 35, p.10 of PSIR, under §2D1.1(b)(1) is applicable "because firearms were present on the premises at 9151 Cypress."

The discovery states that law enforcement officers believed that 9151 Cypress was a "safe house" for drug distribution. Mr. Castro-Cruz, on August 23, 2014, proceeded to drive across Colorado to Mexico. He was stopped by law enforcement in Glenwood Springs that same day. No firearms were located in his vehicle. Eight months' later officers executed a search warrant at 9151 Cypress and located four firearms. Nothing in discovery suggests that Mr. Castro-Cruz had any comings-and-goings at the 9151 Cypress location since his arrest on August 23, 2014 and ultimate deportation. No information suggest that law enforcement, codefendants or confidential informants observed Mr. Castro-Cruz to be in possession of a firearm during the charged conspiracy. Courts have held that reliance on hearsay (*U.S. v Bowman*, 926 F.2d 380 (4th Cir. 1991); *U.S. v Ogbonna*, 184 F.3d 447 (5th Cir 1999); *U.S. v Miller*, 910 F.2d 1321 (6th Cir. 1990) have all upheld the enhancement based on officer and confidential informant hearsay. Based on available information, it does not appear the government could meet its burden of proof to sustain an enhancement for possession of a firearm unless there are codefendant or law enforcement statements supporting the enhancement even with trace DNA.

Mr. Castro-Cruz further objects to the Court applying the two-level enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for possession of a dangerous weapon because the Government has the initial burden of proving possession of a weapon for this enhancement, by preponderance of the evidence. *United States v. Pompey*, 264 F.3d 1176, 1180 (10th Cir.2001). Specifically, the Government must establish that a temporal and spatial relationship existed between the weapon, the drug trafficking activity, and the defendant. *Pompey,* 264 F.3d at 1180. Once the Government satisfies this initial burden, the Defendant may overcome this burden upon a showing "that it is clearly improbable the weapon was connected with the offense." *Id*. At 1181. In a conspiracy case, the Government is not required to prove that a defendant personally

possessed the firearm. *United States v. Smith*, 131 F.3d 1392,1400 (10th Cir.1997). A sentencing court may "attribute to a defendant weapons possessed by his codefendants if the possession of a weapon was known to the defendant or reasonably foreseeable by him." *United States v. McFarlane*, 933 F.2d 898,899 (10th Cir. 1991).

Mr. Castro-Cruz contends the Government has not met its initial burden because it has failed to establish a connection between the weapon and the defendant. Specifically, the Government has failed to show possession of the firearm by Mr. Castro-Cruz. Further, the Government has failed to show that any possession of a weapon was reasonably foreseeable by him.

Mr. Castro-Cruz acknowledges that the Government need not prove actual possession of the weapon in order for this enhancement to apply and that constructive possession is sufficient. However, Mr. Castro-Cruz contends that the Government has failed to show even constructive possession of the weapon by Mr. Castro-Cruz. Actual possession of a firearm exists when a person has direct physical control over a firearm at a given time. *United States v. Bowen*, 437 F.3d 1009, 1017 (10th Cir.2006). Constructive possession exists when a person "knowingly holds the power and ability to exercise dominion and control over [a firearm.]" *United States v. Lopez*, 372 F.3d 1207, 1211 (10th Cir.2004). When a defendant has exclusive possession of a premises where a firearm is found, knowledge, dominion, and control can be inferred. *United States v. Avery*, 295 F.3d 1158,1177 (10th Cir.2002). However, when "two or more people occupy a given space. . .the government is required to meet a higher burden in proving constructive possession." *United States v. Michel*, 446 F.3d 1122, 1128 (10th Cir.2006). In joint occupancy cases, knowledge, dominion, and control may not be inferred simply because of a

defendant's proximity to a firearm. Rather, the government must present evidence to show some connection or nexus between the defendant and the firearm. *Miche*l, 446 F.3d at 1128.

In the case of *United States v. Colonna*, 360 F.3d 1169, 1179 (10th Cir.2004), the Court held that knowledge and access to a firearm are required to prove that a defendant knowingly held the power to exercise dominion and control over a firearm. Proximity to a firearm alone is insufficient to establish dominion and control over a firearm in a joint occupancy case. *United States v. Hishaw*, 235 F.3d 565,572 (10th Cir.2000) [citing *United States v. Reece*, 86 F.3d 994, 996 (10th Cir.1996). In the present case, Mr. Castro-Cruz was in Mexico during the execution of the search warrant on May 7, 2014, so it is undisputed that Mr. Castro-Cruz was not in physical possession of the firearm at the when the search warrant was executed.

Furthermore, there is no evidence that Mr. Castro-Cruz ever saw or handled the weapon at issue. The Government's reliance that Mr. Castro-Cruz DNA was found on the weapon must fail because it is undisputed that – there is no way to determine how long that has been there, how it got on the weapon, who put it there or that it proves that he ever seen or touched the weapon/gun. Further, there is no evidence that Mr. Castro-Cruz ever knew the existence of or use of a weapon in connection with drug dealing. None of the surveillance videos showed the presence of a weapon or even Mr. Castro-Cruz present at this address. None of the purchasers of drugs mentioned anything about the possession of a weapon. Therefore, nothing in the offense conduct would allow the Court to infer that the weapon at a residence eight months after his departure was reasonably foreseeable to Mr. Castro-Cruz. Because the Government has not met its initial burden required for the Court to impose this enhancement, Mr. Castro-Cruz requests the Court sustain this objection and decline to apply a two level enhancement pursuant to U.S.S.G. §2D1.1(b)(1).

4

6.      The Defendant objects to the 2-level enhancement, *see* ¶ 35, p.10 of PSIR,  under §2D1.1(b)(12) is applicable because Mr. Macro-Cruz maintained a premises for the purpose of manufacturing or distributing controlled substances. Application Note 17 to §2D1.1 states "Among the factors the court should consider in determining whether the defendant 'maintained' the premises are (A) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (B) the extent to which the defendant controlled access to, or activities at, the premises." There is no information in discovery which would suggest that Mr. Marco-Cruz owned, leased, rented, or lived at 9151 Cypress. In fact he was in Mexico at the time.

7.      The probation department maintains that Mr. Castro-Cruz should receive a 4-level upward adjustment, see ¶ 37, p.11 of PSIR, because he was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive. The defendant disagrees.  There does not appear to be information in the discovery that suggests that Mr. Castro-Cruz recruited accomplices, was responsible for the planning and organizing of the conspiracy, claimed a larger share of the fruits of the crime or controlled others in the conspiracy.

The government asserts in the Plea Agreement that a 2-level enhancement is warranted (while the PSIR suggests a 4-level enhancement) because Mr. Castro-Cruz should receive an aggravating role in the offense adjustment under §3B1.1 and that he committed the offense as part of a pattern of criminal conduct engaged in as a livelihood. The definitions of "pattern of criminal conduct" and "engaged in as a livelihood" are defined under §4B1.3. "Pattern of criminal conduct means "planned criminal acts occurring over a substantial period of time. Such acts may involve a single course of conduct or independent offenses." In this case Mr. Castro-Cruz is charged in a conspiracy which spans from October 1, 2012 through October 20, 2014. In

addition, Mr. Castro-Cruz was deported from the United States following his arrest on August 23, 2013, and remained in Mexico. This "period of time" does not appear to rise to the level of "substantial period of time as required by the Application Note." "Engaged in as a livelihood" means that (A) the defendant derived income from the pattern of criminal conduct that in any twelve-month period exceeded 2,000 times the then existing hourly minimum wage under federal law; and (B) the totality of circumstances shows that such criminal conduct was the defendant's primary occupation in that twelve-month period. The discovery does not reflect how much Mr. Castro-Cruz earned during a twelve-month period of time to warrant this adjustment

The Commentary to § 3B1.1 lists various considerations the sentencing court "should" take into account in assessing the defendant's leadership role, including

> "the . . . exercise of decision making authority, the nature of participation in the Commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity and the degree of control and authority exercised over others."

In considering these factors, the sentencing court should remain conscious of the fact that "[T]he gravamen of this enhancement is control, organization, and responsibility for the actions of other individuals." *United States v. Albers*, 93 F.3d 1469, 1488 (10th Cir. 1996). Whether or not a defendant is an organizer, leader, manager or supervisor and whether the activity involved five or more participants or was otherwise extensive are viewed as factual questions to be resolved by the sentencing court. *United States v. Fuentes-Moreno*, 895 F.2d 24 (1st cir. 1990); United States v. Thomas, 870 F.2d 174 (5th Cir. 1989). The adjustment should not be based on a hunch or instincts, *United States v. Ortiz*, 966 F.2d 707 (1st Cir. 1992), and it should not be based on unsworn information in the presentence report.

6

8.      The Defendant objects to the criminal history category as an over-representation[1] and the recommended sentence, as a downward departure or variance is appropriate, a motion seeking such relief will be filed separately.

WHEREFORE, the Mr. Castro-Cruz respectfully moves this Court to impose a sentence consistent with the terms of the Plea Agreement and for such other relief as this Court deems just.

Dated this 28th day of December, 2017.

Respectfully submitted,
LAW OFFICE OF BOSTON H. STANTON, JR.

s/Boston H. Stanton, Jr.
Boston H. Stanton, Jr.
P.O. Box 200507
Denver, CO 80220
(303) 377-2757 Telephone
(303) 394-0204 Telecopier
bostonhs@comcast.net
ATTORNEY FOR MARCO CASTRO-CRUZ

CERTIFICATE OF SERVICE

I hereby certify that on December 28, 2017, I electronically filed the foregoing OBJECTION TO PRESENTENCE INVESTIGATION REPORT with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses:

Guy Till guy.till@usdoj.gov                    Barbara Skalla barbara.skalla@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Marco Castro-Cruz
c/o FDC, Englewood, CO

s/Boston H. Stanton, Jr.
LAW OFFICE OF BOSTON H. STANTON, JR.

---

[1] The Defendant further submits that U.S.S.G. § 4A1.3 provides that "[t]here may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood that the defendant will commit further crimes." Mr. Castro-Cruz asserts he meets this criterion and anticipates addressing this issue more fully in a separate motion.